# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-50821
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CANDELARIO HERNANDEZ-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-87-2

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Candelario Hernandez-Rodriguez appeals his 46-month sentence imposed following his guilty plea convictions for conspiracy to transport illegal aliens where death has resulted; aiding and abetting illegal alien transportation where death has resulted; and aiding and abetting where serious bodily injury has resulted (two counts). Hernandez argues that the district court erred in applying an enhancement under U.S.S.G. § 2L1.1(b)(5) for the creation of a substantial risk of death or serious bodily injury and an enhancement under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.1(b)(6)(4) for the death of one of the aliens. He contends that applying both enhancements to his case "constituted impermissible double counting under the United States Sentencing Guidelines."

The Government argues that Hernandez abandoned his objection to the enhancements after negotiating with the Government for a recommended 46-month sentence. The Government contends that the abandonment of the objection constituted a waiver of the issue. The Government thus asserts that the issue is unreviewable on appeal and that Hernandez's sentence should be affirmed. Hernandez has not responded to the Government's argument.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Waiver occurs as a result of an affirmative choice by the defendant to forego any available remedy, presumably for benefits --real or perceived. United States v. Dodson, 288 F.3d 153, 160 (5th Cir. 2002). Waived errors are unreviewable, but forfeited errors are reviewable for plain error. United States v. Musquiz, 45 F.3d 927, 931-32 (5th Cir. 1995). The withdrawal of an objection constitutes the waiver of the objection by the defendant. Id. A defendant's attorney can waive a claim by his client "so long as the defendant does not dissent from attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." United States v. Reveles, 190 F.3d 678, 683 n.6 (5th Cir. 1999) (internal quotation marks omitted).

The record does not reflect that Hernandez dissented from counsel's decision not to challenge the enhancements to his sentence. Because Hernandez has not shown that counsel's decision not to pursue a challenge to the enhancements was unreasonable, counsel's waiver is valid and Hernandez's claim on appeal is unreviewable. See Musquiz, 45 F.3d at 931-32. Accordingly, Hernandez's convictions and sentences are AFFIRMED.